Appendix A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

Mike A. Lewis

versus

University of
Houston
Downtown

§
§
§
§
§
§
§

CIVIL ACTION NO. _____

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.  This action is brought under Title VII of the Civil Rights Act of 1964 for employment

discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.  The Plaintiff is: Mike A. Lewis

    Address: 1630 Antoine Drive

    Houston, Texas 77055

    County of Residence: Harris

3.  The defendant is: University of Houston

    Downtown

    Address: One Main Street Houston Texas 77002

☐   Check here if there are additional defendants. List them on a separate sheet of paper with

their complete addresses.

4.  The plaintiff has attached to this complaint a copy of the charges filed on 8 - 31 - 11

with the Equal Opportunity Commission.

5.  On the date of 5 - 16 - 12 , the plaintiff received a Notice of Right to Sue

letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6.    Because of the plaintiff's:

   (a)    ☐    race

   (b)    ☐    color

   (c)    ☐    sex

   (d)    ☐    religion

   (e)    ☐    national orgin,

   the defendant has:

   (a)    ☐    failed to employ the plaintiff

   (b)    ☐    terminated the plaintiff's employment

   (c)    ☐    failed to promote the plaintiff

   (d)    ☑    other: _been discriminated against based on both my age 49 at the time and my impairment back injury_

7.    When and how the defendant has discriminated against the plaintiff:

   _For the past two years, but most recently in May 2011 I have been forced to endure comments about both my age and my impairment back injury from Albert Holden ITV Manager and Lloyd Matzner Director of Multimedia and ITV_

8.    The plaintiff requests that the defendant be ordered:

   _On August 31, 2011. I was laid off from my position of 15 ½ years._

   (a)    ☐    to stop discriminating against the plaintiff

   (b)    ☐    to employ the plaintiff

   (c)    ☐    to re-employ the plaintiff

   (d)    ☐    to promote the plaintiff

(e)　☑　to　_A loss of WAGES, benefits and Retirement_
_$34,560 a year of $69,120 FOR_
_two years of lost wages, benefits and Retirement_ and that;

(f)　☑　the Court grant other relief, including injunctions, damages, costs and

attorney's fees.

_Mike a. Lewis_
(Signature of Plaintiff)

Address:　_1630 ANToine Drive_
_HoUSToN, TEXAS 77055_

Telephone:　_713-320-1956_

To Whom it May Concern:

The Plaintiff Mike A. Lewis wish to file a Civil Lawsuit with
The United States District Court Southern District of Texas in
Houston,Texas on Age and Disability Discrimination based on or
about March 11, 1996. I began working as a Video Engineer for
the University of Houston-Downtown. For the past ten years I
was able to perform the duties of my position with assistance in
moving heavy equipment and items due to my medical impairment
which the university system was aware of. For the past two years,
but most recently in May 2011. I have been forced to endure
comments about both of my age and impairment from Albert
Holden,ITV Manager, and Lloyd Matzner,Director of Multimedia
and ITV. On or about August 31, 2011. I was laid off from my
position.

I was advised by Albert Holden on June 30, 2011, I was going
To be laid off. I was advised that my layoff was a result of budget
cuts. Prior to being laided off. I was asked to provide the
organization with an update on my limitations related to my
impairment, limitations which had not changed in ten years.

I believe I have been discriminated against on both of my age 49 at
the time, and my impairment in violation of the Age
Discrimination in Employment Act and the American with
Disabilities Act of 1990, as amended. The EEOC has granted my
the Right to Sue UH Downtown based on these charges, I am filing
this petition for a Civil Lawsuit with the United States District
Southern District of Texas Civil Courts. After this Suit is filed I
would like UH Downtown to be notified. I will provide the address
On the next page.

Yours,

Mike a. Lewis

University of Houston Downtown
One Main Street
Houston, Texas
77002
(713)221-8017

To Whom it May Concern:

I filed my case in the time limit with the Texas Civil Courts of Harris County. I was informed that I should move my case into The United States Southern District Civil Courts due to the Eleventh Amendment Immunity to the United States Constitution Bars state-court suits for damages against the State for Violation of Federal Law. I will be providing you with the paper work from the Harris County State Civil Courts stating this matter. I would like to have this case filed with the United States Southern District Civil Courts so I can have a fair and speedy trial on this matter. What I would like to achieve from this lawsuit is to recover a year or two of salary, benefits and retirement lost because of my age 49 at that time and my impairment in the Violation of the Age Discrimination in Employment Act and the American Disabilities Act of 1990, as amended. My salary for a year including benefits and retirement was $ 34,560 a year. For two years it would be $ 69,120. I would like for the Court to grant relief, including injunctions, damages, costs and attorney's fees concerning this matter.

Yours,

Mike A. Lewis

Mike A. Lewis



**U.S. Equal Employment Opportunity Commission**
**Houston District Office**

1201 Louisiana Street, 6th Floor
Houston, TX 77002
(713) 651-4900
(713) 651-4901 TTY
(713) 651-4902 FAX

JUN 2 7 2012

Mike Lewis
1630 Antoine
Houston, TX 77055

Re: FOIA No.: 4602012163137 / 460-2012-00108; A12-8-FOIA-393-HU Mike Lewis v University
of Houston Downtown

Dear Mr. Lewis:

Your Freedom of Information Act (FOIA) request, received in this office on June 11, 2012 has been
processed. Our search began on June 11, 2012. All agency records in creation as of June 11, 2012 are
within the scope of the EEOC's search for responsive records. The paragraph(s) checked below apply:

[ ]    A portion of your request is neither granted nor denied because: [ ] Your request does not
reasonably describe the records you wish disclosed or [ ] No records fitting the description of the
records you seek disclosed exist or could be located after a thorough search. The remainder of
your request is:

        [ ]    Granted

        [ ]    Denied pursuant to the subsections of the FOIA indicated at the end of this letter.
            An attachment to this letter explains the use of these exemptions in more detail.

        [ ]    Granted in part and denied in part. Portions not released are being withheld
            pursuant to the subsections of the FOIA indicated at the end of this letter. An
            attachment to this letter explains the use of these exemptions in more detail.

[ ]    Your request is granted.

[ ]    Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter.
    An attachment to this letter explains the use of these exemptions in more detail.

[ X ]    Your request is granted in part and denied in part. Portions not released are being withheld
    pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this
    letter explains the use of these exemptions in more detail.

[ ]    You must send a check for $[ ] made payable to the United States Treasurer by mail to the
    above address. Manual search and review time is billed per quarter hour based on the personnel
    category of the person conducting the search. Fees for search services range from $5.00 per
    quarter hour to $20.00 per quarter hour. Direct costs are billed for computer searches and in
    certain other circumstances. Photocopying is billed at $.15 per page. 29 C.F.R. §1610.15. The
    attached Comments page will further explain any direct costs assessed. The fee has been
    computed as follows:

        [ ]    Commercial use requests: [ ] pages of photocopying; [ ] quarter hour(s) of [ ]
            review time; and [ ] quarter hour(s) of [ ] search time; Direct costs are billed in
            the amount of [ ] for [ ].

        [ ]    Requests by educational or noncommercial scientific institutions or
            representatives of the news media: [ ] pages of photocopying. The first 100
            pages are provided free of charge.

Re: FOIA No.: 4602012163137 / 460-2012-00108; A12-8-FOIA-393-HU Mike Lewis v University of Houston Downtown

[  ]     All other requests: [ 169 ] pages of photocopying and [  ] quarter hour(s) of [  ] search time.  Direct costs are billed in the amount of [  ] for [  ].  The first 100 pages and 2 hours of search time are provided free of charge.

[ X ]    The disclosed records are in the enclosed CD.  At your request, a Certification of Authentication of Documents is attached.  Your payment for this service has been received.

[  ]     The disclosed records are enclosed.  Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ X ]    You may appeal this decision by writing within thirty days of receipt of this letter to the Office of Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission, 131 M Street, N.E., Suite 5NW02E, Washington, D.C.  20507.  Your appeal will be governed by 29 C.F.R. § 1610.11.

[ X ]   See attached Comments page for further information.

Sincerely,

R.J. Ruff Jr
District Director

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[  ] (2)
[  ] (3)  (A)(i)
      [  ] Section 706(b) of Title VII
      [  ] Section 709(e) of Title VII
      [  ] Section 107 of the ADA
[  ] (3)(A)(ii)
      [  ] 41 U.S.C. §253b(m) of the
      National Defense Authorization  Act
[  ] (4)
[ X ] (5)

[  ] (6)
[  ] (7)(A)
[  ] (7)(B)
[  ] (7)(C)
[  ] (7)(D)
[  ] Other (see attached)

Re: FOIA No.: 4602012163137 / 460-2012-00108; A12-8-FOIA-393-HU Mike Lewis v University of Houston Downtown

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C.  § 552(b)(5) (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action.  This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The exemption covers internal communications that are deliberative in nature.  National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F.Supp.2d 1144 (E.D. Mo. 1999).  The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Department of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker.  First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994).  See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995).  Records may also be withheld  to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process.  A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  See Mapother, Nevas, et al. v. Dept of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION TO THE FOIA:

Case Log, 2 pages
Priority Charge Handling Procedures Form, undated, 1 page
Case Assessment, dated 10/18/2011, 2 pages
Pre-Determination Interview Notes, dated 5/9/2012, 1 page

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mike A. Lewis<br>1630 Antoine Drive<br>Houston, TX 77055 | From: | Houston District Office<br>Total Plaza<br>1201 Louisiana, Suite 600<br>Houston, TX 77002 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2012-00108 | **Samantha Salazar,<br>Investigator** | **(713) 651-4965** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* R.J. Ruff, Jr.

**R.J. Ruff, Jr.,<br>District Director**

*[signature]* 5/16/12

*(Date Mailed)*

Enclosures(s)

cc: Joseph Y. Ahmad<br>Attorney at Law<br>AHMAD ZAVITSANOS ANAIPAKOS<br>ALAVI MENSING<br>1221 McKinney, Ste. 3460<br>Houston, TX 77010

Jennifer E. Bloom<br>Senior Assistant General Counsel<br>UNIVERSITY OF HOUSTON SYSTEM<br>311 E. CULLEN BUILDING<br>Houston, TX 77204

TWC – Civil Rights Division<br>101 East 15th St., Room 144T<br>Austin, TX 78778

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2012-00108 |

## Texas Workforce Commission Civil Rights Division
*State or local Agency, if any*                              and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Mike A. Lewis | (713) 681-6739 | 01-18-1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1630 Antoine Drive, Houston, TX 77055 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| UNIVERSITY OF HOUSTON | 500 or More | (713) 221-8000 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Main Street, Houston, TX 77055 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 08-31-2011 | 08-31-2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or about March 11, 1996, I began working as a Video Engineer for University of Houston-Downtown. For the past ten years I was able to perform the duties of my position with assistance in moving heavy equipment and items due to my medical impairment which the university system was aware of. For the past two years, but most recently in May 2011, I have been forced to endure comments about both my age and my impairment from Albert Holden, ITV Manager, and Lloyd Matzner, Director of Multimedia and ITV. On or about August 31, 2011, I was laid off from my position.

II. I was advised by Albert Holden on June 30, 2011, that I was going to be laid off. I was advised that my lay off was the result of budget cuts. Prior to being laid off, I was asked to provide the organization with an update on my limitations related to my impairment, limitations which had not changed in ten years.

III. I believe I have been discriminated against based on both my age, 49, and my impairment in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | *Maria Esther Guerra* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | *Mike A. Lewis* |
| Oct 18, 2011 ___ *Mike A. Lewis* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date ___ Charging Party Signature | *October 19, 2011* |

MARIA ESTHER GUERRA
MY COMMISSION EXPIRES
April 5, 2015

To Whom It May Concern:

I am Informing the United States District Court of the Southern District of Texas. That I have witnesses that are still employed by the University of Houston Downtown. That  Witnessed Age and Disability Comments made by Lloyd Matzner Director of Multimedia and ITV at the University of Houston Downtown And Albert Holden ITV Manager University of Houston Downtown. The witnesses are Mr. Steven Cachia, Oscar Dela Cruz and Nik Bhatt. They witnessed these comments in May and June of 2011. They are all still Managers at the University of Houston Downtown.

Yours,

Mike A. Lewis

# ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

September 13, 2012

**Via U.S. First Class Mail**
**and CMRRR #7012 1010 0002 0825 8102**
Mike A. Lewis
1630 Antoine Drive
Houston, Texas 77055

Re:     **Mike A. Lewis v. University of Houston-Downtown; In the 157th Judicial**
            **District of Harris County; Cause No. 2012-48070**

Dear Mr. Lewis:

Enclosed for your records, please find a copy of *Defendant's Plea to the Jurisdiction and Original Answer* and *Notice of Hearing*, which I am filing with the court today.

Sincerely,

*Susan Watson/RG*

**SUSAN M. WATSON**
Assistant Attorney General
General Litigation Division
(512) 463-2120
(512) 320-0667 Facsimile

Enclosure

NO. 2012-48070

| | | |
|---|---|---|
| MIKE A. LEWIS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| UNIVERSITY OF HOUSTON-DOWNTOWN | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| *Defendant.* | § | |

---

### NOTICE OF HEARING

---

PLEASE TAKE NOTICE that Defendant University of Houston-Downtown's Plea to the Jurisdiction will be submitted to the court for consideration on **Friday, October 19, 2012 at 9:00 a.m.** The hearing will take place at the Harris County Courthouse, 201 Caroline, Houston, Texas 77002.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Director of Defense Litigation

JAMES "BEAU" ECCLES
Chief, General Litigation Division

/s/ Susan M. Watson
**SUSAN M. WATSON**
Texas Bar No. 24061066
Assistant Attorney General

General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document has been sent by *First Class Mail* and *Certified Mail, Return Receipt Requested* on September 13th, 2012, to the following:

Mike A. Lewis
1630 Antoine Drive
Houston, Texas 77055

*PLAINTIFF, PRO SE*

/s/ Susan M. Watson
**SUSAN M. WATSON**
Assistant Attorney General

NO. 2012-48070

| | | |
|---|---|---|
| MIKE A. LEWIS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 157ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| UNIVERSITY OF HOUSTON- | § | |
| DOWNTOWN | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| *Defendant.* | § | |

## ORDER ON DEFENDANT'S PLEA TO THE JURISDICTION

On this day, the Court considered Defendant University of Houston-Downtown's ("UHD") Plea to the Jurisdiction. After due consideration, this Court is of the opinion that Defendant's plea is meritorious.

IT IS THEREFORE ORDERED that Defendant's Plea to the Jurisdiction is GRANTED and that Plaintiff's claims against UHD are DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _____, 2012.


_____
HONORABLE JUDGE PRESIDING

1

NO. 2012-48070

| | | |
|---|---|---|
| MIKE A. LEWIS, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 157ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| UNIVERSITY OF HOUSTON- | § | |
| DOWNTOWN | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| **Defendant.** | § | |

## DEFENDANT'S PLEA TO THE JURISDICTION AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE WILSON:

Defendant the University of Houston-Downtown (hereinafter "UHD") files this Plea to the Jurisdiction and Original Answer and in support thereof would respectfully show as follows:

### I.
### INTRODUCTION

On or about, August 21, 2012, Plaintiff Mike A. Lewis ("Plaintiff") filed this suit against the University alleging discrimination in violation of (1) the Age Discrimination in Employment Act (ADEA), and (2) the Americans with Disabilities Act of 1990 (ADA). UHD respectfully requests that Plaintiff's lawsuit be dismissed as UHD has Eleventh Amendment immunity to these claims, depriving this Court of subject matter jurisdiction.

### II.
### PLEA TO THE JURISDICTION

#### A. The Legal Standard

A plea to the jurisdiction challenges the court's authority to determine the subject matter of the controversy. *Axtell v. Univ. of Texas*, 69 S.W.3d 261, 263 (Tex. App.–Austin 2002, no pet.). Subject matter jurisdiction cannot be presumed and cannot be waived. *Continental Coffee*

*Prods. v. Cazarez*, 937 S.W.2d 444, 449 n.2 (Tex. 1996).   When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 552 (Tex. 2000).   The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Texas Dep't of Crim. Justice v. Miller*, 48 S.W.3d 201, 203 (Tex. App.–Houston [1st Dist.]1999), *rev'd on other grounds*, 51 S.W.3d 583, 589 (Tex. 2001)).

### B. Plaintiff's Claims Are Barred by Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars state-court suits for damages against the State for violation of federal law. *Alden v. Maine*, 527 U.S. 706, 712 (1999) (holding that Congress cannot require a state court to adjudicate federal law claims that could not be brought against a state in federal court); *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004) (noting it is well-settled that "Eleventh Amendment immunity protects non-consenting states from being sued in their own courts for federal law claims.").   The Texas Supreme Court has also recognized that its courts are bound to follow federal interpretations of Eleventh Amendment immunity. *Hoff* at 49.   Moreover, the jurisdictional bar of Eleventh Amendment immunity "applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Okpalobi v. Foster*, 190 F.3d 337, 343 (5th Cir. 1999) (The Eleventh Amendment bars suits brought directly against state, absent the state's consent, irrespective of nature of relief sought).

State universities such as UHD are considered state agencies protected by sovereign immunity.[1] *See Lowe v. Texas Tech Univ.* 540 S.W.2d 297, 298 (Tex. 1976). Under the Eleventh Amendment, state agencies are entitled to sovereign immunity in their own courts unless Congress validly abrogates, or the state waives, this immunity. *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010); *Tex. Dep't of Transp. v. Esters*, 343 S.W.3d 226, 232 (Tex. App.—Houston [14th Dist.] 2011, no pet.). It is the burden of the plaintiff to affirmatively demonstrate the court's jurisdiction to hear the lawsuit under a statute that waives sovereign immunity. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Because Lewis does not—and cannot—identify a waiver for his claims under the ADEA or ADA, his suit should be dismissed.

### 1. Plaintiff's ADEA Claim is Barred by Eleventh Amendment Immunity

This Court is without jurisdiction over Plaintiff's age discrimination claim under the ADEA. The ADEA does not abrogate a state's sovereign immunity. *See e.g., Kimmel v. Florida Board of Regents*, 528 U.S. 62, 82-84 (2000) (holding that although the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, that abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment). Accordingly, Plaintiff's ADEA claim must be dismissed for lack of jurisdiction.

### 2. Plaintiff's ADA Claim is Barred by Eleventh Amendment Immunity

When Congress enacted the ADA, it expressly authorized private individuals to bring suit to recover money damages against state entities for violations of the Act. *See* 42 U.S. C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United

---

[1] Sovereign immunity under the Eleventh Amendment refers to immunity from federal claims. *See Alden v. Maine*, 527 U.S. 706, 754 (1999); *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir.1996).

States from an action in a Federal or State court of competent jurisdiction for a violation of this chapter."). However, the Supreme Court later held that Congress did not *validly* abrogate a State's sovereign immunity from suit when enacting the ADA. *See Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001) ("We hold that [suits by state employees to recover money damages by reason of the State's failure to comply with Title I of the ADA] are barred by the Eleventh Amendment."). Therefore, suits brought solely under Title I of the ADA continue to be barred by sovereign immunity. Consequently, Plaintiff's employment discrimination claim under federal law is barred by sovereign immunity.

Though Plaintiff's petition sparsely lays out his cause of action under the ADA and does not specify that he is suing under Title I, based on his pleadings and claims asserting an employment relationship with UHD, it is reasonably presumed that his claims are brought pursuant to Title I of the ADA. In analyzing the ADA, which prohibits employment discrimination against individuals with disabilities, the Supreme Court determined that the Eleventh Amendment bars private actions against the State for violations of Title I of the ADA. *See Garrett*, 531 U.S. at 360. Accordingly, Plaintiff's claims of disability discrimination under the ADA are barred by Eleventh Amendment immunity and this Court should dismiss this suit in its entirety.

### III.
### ORIGINAL ANSWER

Without waiving the foregoing, Defendant generally denies each and every allegation in Plaintiff's Original Petition and demands strict proof thereof.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant University of Houston-Downtown prays that this Court dismiss Plaintiff's ADEA and ADA claims against Defendant with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Director of Defense Litigation

JAMES "BEAU" ECCLES
Chief, General Litigation Division

/s/ Susan M. Watson
**SUSAN M. WATSON**
Texas Bar No. 24061066
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

*ATTORNEYS FOR DEFENDANT*

5

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document has been sent by *First Class Mail* and *Certified Mail, Return Receipt Requested* on September 13th, 2012, to the following:

Mike A. Lewis
1630 Antoine Drive
Houston, Texas 77055

*PLAINTIFF, PRO SE*

/s/ Susan M. Watson
**SUSAN M. WATSON**
Assistant Attorney General

6